STATE

v.

**Vincent F. ROSSI, Jr.**

No. 86–84–C.A.

Supreme Court of Rhode Island.

Feb. 6, 1987.

Arlene Violet, Atty. Gen., Thomas Dickinson, Sp. Asst. Atty. Gen., for plaintiff.

John A. O'Neill, Jr., Providence, for defendant.

## OPINION

KELLEHER, Justice.

A Superior Court jury has found the defendant, Vincent F. Rossi, Jr., guilty of having committed a second-degree child-molestation sexual assault and having solicited or persuaded the child to commit perjury.

During the summer of 1984 an eight-year-old girl, whom we shall call Kathy, was interviewed at her home by members of the Cranston police department. The police were investigating a report that Kathy had been sexually assaulted by Rossi's landlord. Rossi rented an apartment in which he resided with a female companion and the companion's young daughter. At Rossi's trial Kathy testified that she had lied when she accused the landlord but explained that Rossi had threatened to kill Kathy's mother if Kathy did not lie.

Rossi had sought to implicate the landlord because the landlord had raised the rent. The youngster also told the jury that Rossi helped her prepare for and practice the falsehood she would tell about the landlord. At one point, according to Kathy, Rossi removed Kathy's clothes, exposed his penis and with it made contact with the child's vaginal area. Kathy also explained that she was afraid of Rossi "because he's bigger than me."

█ There are many facets to Rossi's appeal. He first claims that the state erred in charging him pursuant to G.L.1956 (1981 Reenactment) § 11-1-9, the general-solicitation statute that makes it a felony for any person who solicits another to commit or join in the commission of a felony. Rossi argues that the state should have charged him pursuant to § 11-33-2, a statute that specifically relates to the subornation of perjury. Rossi invokes the principle that the existence of a specific statute precludes the state from charging him pursuant to a general-solicitation statute.

This claim merits no consideration because an examination of the record indicates that at no time was the issue raised before the trial court. An issue not raised at trial will not be considered initially on appeal by this court. *State v. Long*, 488 A.2d 427 (R.I.1985); *State v. Fogarty*, 433 A.2d 972 (R.I.1981).

█ Rossi's next assertion is of some interest because he claims that his solicitation conviction may not stand because Kathy, as a minor, could not be convicted of the crime of perjury. No perjury, no solicitation, says Rossi. We disagree.

At common law, the crime of solicitation is limited to instances in which the crime solicited is either a felony, or a misdemeanor that tends to breach the peace or to obstruct justice or otherwise to be injurious to the public welfare. For the crime of solicitation to be completed, it is only necessary that the person solicit another to commit a crime. At that point, the solicitor is guilty of solicitation, regardless of the response the solicitee makes to the proposal. LaFave and Scott, *Handbook on Criminal Law*, § 6.1 (2nd ed. 1986); *4 Wharton's Criminal Law*, § 713 at 511, 513 (14th ed. Torcia 1981). The substance of the particular charge now before us is solicitation, and the offense was complete when the solicitation was made. A similar view can also be found in the Model Penal Code, which notes

that the fact that the solicitee is "irresponsible or has an immunity" is no defense to the charge of solicitation. Model Penal Code § 5.04 (1)(b) (Official draft May 24, 1962).

■ The third facet of Rossi's defense can be classified as ingenious, if not persuasive. It deals with the second-degree child-molestation sexual-assault charge that is the subject of G.L.1956 (1981 Reenactment) § 11–37–8.3, as amended by P.L. 1984, ch. 59, § 2. This statute prohibits any person from engaging in sexual contact with another person thirteen years of age or under. The term "sexual contact" is defined as

"[T]he intentional touching of the victim's or accused's intimate parts, clothed or unclothed. If that intentional touching can be reasonably construed as intended by the accused to be for the purpose of sexual arousal, gratification or assault." Section 11–37–1, as amended by P.L.1984, ch. 152, § 1.

Rossi argues that the evidence presented at trial was totally insufficient to convict him of the charge because the sole purpose of any contact he might have had with Kathy was to prepare her to testify about the landlord and not, as the statute requires, to serve the purpose of achieving sexual gratification. According to Rossi, the sole gratification he was seeking was the gratification resulting from the fact that the youngster would testify against the landlord.

Having in mind that this novel view of the evidence comes by way of a motion for a judgment of acquittal, and since we, like the trial justice, must view the evidence in the light most favorable to the prosecution, drawing all reasonable inferences therefrom, one can reasonably infer from this record that when Rossi was "contacting" the eight-year-old after removing all her clothing, other things were on his mind than attempting to gain revenge on his landlord for increasing the rent.

■ The fourth phase of this appeal concerns the trial justice's denial of a motion to pass the case or, in the alternative, continue the trial to a future date. The motion came at a time when defense counsel indicated that a certain portion of Kathy's testimony came as a surprise to his client. Counsel therefore told the court that he needed some time to speak with several witnesses because this unexpected testimony might cause him to change his trial strategy.

The motion was made in the morning phase of the trial. The trial justice, in responding to the motion, observed that the time for the luncheon recess was near, answered:

"Why don't you talk to them over the noon recess and let me know whether or not that one incident, which you say is a new incident, is going to require time, and I will take it up at two o'clock. It may very well be that you may not need time. On the other hand, you may."

The record indicates that when the trial resumed that afternoon, defense counsel did not renew the motion for a continuance. The case proceeded without further interruption. The logical conclusion to be drawn from counsel's silence is that during the luncheon recess a determination was made that no continuance was necessary. Consequently, we cannot fault the trial justice for failure to grant the motion for a continuance sua sponte.

■ The final issue raised by Rossi concerns the trial justice's decision to grant the state's motion for a severance. Rossi was originally charged in a five-count indictment. Two of the five counts involved Kathy. The three other counts all involve Rossi's girlfriend's daughter, whom we shall call Ann. The severance motion was based on the fact that Ann's mother had recently married Rossi and that Ann would be a hostile witness who would probably prejudice the state's case. In granting the state's severance motion, the trial justice concurred in the possibility and granted the motion rather than have Ann deal with the

choice of committing perjury or implicating her stepfather.

As we have said so many times, "a motion for severance is directed to the sound judicial discretion of the trial justice." *State v. Clark*, 423 A.2d 1151, 1155 (R.I. 1980). We cannot fault the trial justice for finding that the state's interests could be prejudiced in a trial involving all five counts. Although Rossi argues with vehemence that the severance hindered his preparation for trial, he has failed to demonstrate just how his trial preparation or strategy changed or how his defense was prejudiced by the severance, nor has he shown any impingement of his right to a fair trial.

The defendant's appeal is denied and dismissed, and the judgment of conviction is affirmed.