**STATE**

v.

**Joseph L. MALOUIN.**

**No. 80–379–C.A.**

Supreme Court of Rhode Island.

July 30, 1981.

Charles D. Schrock, Asst. Atty. Gen., Providence, for plaintiff.

John A. MacFadyen, III, Providence, for defendant.

## OPINION

KELLEHER, Justice.

A Superior Court jury returned guilty verdicts against the defendant, Joseph L. Malouin (Malouin), on three of the four counts in an indictment that charged him with sexually assaulting a girl who at the time of the assault was less than thirteen years of age. Hereafter we will, for the purposes of anonymity, refer to the victim as "Ann." The sole issue presented to us relates to the trial justice's charge to the jury.

Before considering the merits of Malouin's appeal, we would first point out that the General Assembly at its January 1979 session, with its enactment of P.L. 1979, ch. 302, completely revised the statutory framework of what might generally be described as sexual offenses. The common-law crime of rape was abolished, and chapter 37 of title 11, which was formerly entitled "Rape and Seduction," is now described as "Sexual Assault."

General Laws 1956 (1969 Reenactment) § 11–37–2 (1980 Cum. Supp.) provides that a person has committed first-degree sexual assault if he or she engages in "sexual penetration" with any person not the spouse of the accused and if any of the following circumstances exist: (1) the victim is under thirteen years of age; (2) the accused knows or has reason to know that the victim is mentally incapacitated, mentally defective, or physically helpless; (3) the accused uses force or coercion; (4) the accused, through concealment or by the element of surprise, is able to overcome the victim; or (5) the accused engages in the medical examination or treatment of the victim for the purpose of sexual arousal, gratification, or stimulation.

"Sexual penetration" is defined as "sexual intercourse, cunnilingus, fellatio, and anal intercourse, or any other intrusion, however slight, by any part of the person's body or by any object into the genital or anal openings of another person's body, but emission of semen is not required." The penalty for commission of a first-degree sexual assault ranges from a minimum of ten years to life imprisonment.

In § 11–37–4, second-degree sexual assault is described as any "sexual contact" with another person under any of the circumstances set forth in § 11–37–2, with the exception of the proviso concerning sexual penetration by "concealment" or by "surprise."

"Sexual contact" has been defined as "the intentional touching of the victims or accused intimate parts, clothed or unclothed, if that intentional touching can be reasonably construed as intended by the accused to be for the purpose of sexual arousal, gratification or assault."

Malouin went to trial on the first four counts of a twelve-count indictment.[1] The first count charged Malouin with committing first-degree sexual assault against a girl under the age of thirteen, the assaults having occurred on a day or days falling between May 15, 1979, and November 3, 1979. The second count was identical to the first except that it charged the commission of second-degree sexual assault. The third count related to the same victim but specifically declared that a first-degree sexual assault had occurred on November 4, 1979. The fourth count was identical to the third count except that it charged that a second-degree sexual assault had occurred on November 4, 1979. The jury returned guilty verdicts on the first, second, and fourth counts and a not-guilty verdict on the third count.

The evidence presented at trial consisted primarily of the testimony of Ann and a statement given by Malouin to the Pawtucket police on the day of his arrest. Ann testified that sometime prior to May 1979, Malouin's wife had asked Ann's mother for

---

1. The second set of four counts related to Malouin's involvement with Ann's younger brother, "Jim." The counts were dismissed after the trial justice ruled that Jim was incompetent to testify because of his inability to understand the nature of an oath. The final set of four charged a male associate of Malouin with sexually assaulting Ann. All four counts, which involved both first- and second-degree assaults, were disposed of by a plea.

permission to send Ann on an occasional errand to the local stores.[2] On an afternoon in the middle of May 1979, Malouin asked Ann to go to a local variety store for him. After returning from this "mission of mercy,"[3] Ann was invited into his apartment to "watch television." After twenty minutes had elapsed, Malouin took Ann into the bathroom and forced her to fondle his private parts. Before Ann left the apartment, Malouin admonished her not to tell anyone about what had happened or she "would go to jail." According to Ann, this fondling scene was replayed six additional times—once again in May, once in July, twice in September, once in October, and once in November. Ann also told the jury that on five of these seven occasions, Malouin also either digitally penetrated her vagina or forced her to engage in fellatio.

Ann stated that the only specific date she was able to recall was the date of her final encounter with Malouin, to wit, November 4, 1979, because it was on that day that she informed her older sisters of the activities that had been going on in Malouin's apartment. On that evening, Ann was taken to the hospital, and three days later a complaint was filed with the Pawtucket police department. The police who interrogated Malouin obtained a statement in which he admitted that he had allowed Ann to fondle him on three different occasions, but he did not admit to any participation in fellatio or digital penetration.

In his charge to the jury, the trial justice discussed the first-degree-sexual-assault counts (the first and third) simultaneously "because they include the same instructions * * * that the defendant did engage in a sexual penetration, and that the victim was under the age of 13 years of age * * *." Thereafter, the trial justice proceeded to charge the jury on the second-degree-sexual-assault counts. When Malouin's counsel objected to the trial justice's failure to charge the jury on the doctrine of the lesser-included offense as it related to the

counts charging first-degree sexual assault, the trial justice referred to an off-the-record conversation that he had had with both counsel, in which the trial justice had said that the first two counts were "exact duplicates except for first degree and second degree, and the jury can construe them to be lesser-included within and that is why I didn't charge it." Although the trial justice entertained no doubt as to what the jury could do, there is no indication that the jury was as well informed as the trial justice because at no time did he ever instruct the jury on the so-called lesser-but-included doctrine.

 The issue before us is relatively simple. It is whether a second-degree sexual assault is a lesser-included offense within a first-degree sexual assault. Under the rule promulgated in *Blockburger v. United States*, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932), a single transaction may involve the commission of two crimes if each crime requires proof of a fact that is not required in the other. *Blockburger* emphasizes that each offense must require proof of an element distinct from the other. As noted earlier, in order to obtain a conviction for first-degree sexual assault, there must be proof of penetration, whereas sexual contact is the sole element that is required in second-degree sexual assault. Consequently, we hold that second-degree sexual assault is necessarily a lesser-included offense of first-degree sexual assault. The trial justice is required to accede to a defendant's request for a jury instruction on the applicable law if evidence has been adduced which would support the instruction sought. See *State v. Gelinas*, R.I., 417 A.2d 1381 (1980); *State v. Butler*, 107 R.I. 489, 268 A.2d 433 (1970).

 We find that there was evidence adduced at the trial which would support Malouin's request for a charge on the lesser-included crime. One of the detectives who investigated Ann's complaint testified that

---

**2.** Ann stated that sometime prior to the events giving rise to this indictment, Malouin's wife was killed in an automobile accident.

**3.** Ann stated that Malouin claimed he could not navigate the stairs to his third-floor apartment.

while Malouin admitted having sexual contact with Ann, he denied any first-degree involvement with her. This denial furnished the requisite evidentiary basis to support Malouin's request for the lesser-included charge.

The defendant's appeal is sustained,[4] the judgment of conviction, insofar as it relates to the first count of the indictment, is hereby vacated, and the case is remanded to the Superior Court for further proceedings.

---

4. It must be stressed that Malouin's appeal relates solely to the jury's verdict of guilty on the first-degree-sexual-assault charge. He does not challenge the guilty verdicts in regard to the other two counts.