FILED

November 10 2015

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: OP 15-0302

OP 15-0302

IN THE SUPREME COURT OF THE STATE OF MONTANA

2015 MT 318

---

IN RE:

CHRISTOPHER COLLIN GOLZ,

      Debtor.

---

ORIGINAL PROCEEDING:      Certified Question from the United States Bankruptcy
Court for the District of Montana
Cause No. 14-61350-7
Honorable Ralph B. Kirscher, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

            James J. Screnar, Screnar Law Firm; Bozeman, Montana

      For Appellee:

            Joseph V. Womack, Waller & Womack, P.C.; Billings, Montana

---

            Submitted on Briefs:  October 21, 2015
                       Decided:  November 10, 2015

Filed:

_____
                Clerk

Justice James Jeremiah Shea delivered the Opinion of the Court.

¶1 The United States Bankruptcy Court for the District of Montana certified the following question to this Court:

> *Whether, under Montana's liberal construction of exemptions, a debtor may claim an exemption in an inherited Individual Retirement Account pursuant to § 25-13-608(1)(e), MCA.*

We accepted the certified question and accepted briefs from the Debtor and the Chapter 7 Trustee appointed to the Debtor's bankruptcy.

¶2 We answer the question: No.

## PROCEDURAL AND FACTUAL BACKGROUND

¶3 The following factual background is taken from the undisputed facts related by the Bankruptcy Court in its certification order:

¶4 Christopher Collin Golz, the Debtor, filed for Chapter 7 Bankruptcy on December 1, 2014. Joseph V. Womack was appointed Trustee of the case. Golz is 40 years old. He is employed by Simms Fishing Products as a Customer Care representative. Golz is married; his spouse did not file bankruptcy with him.

¶5 Item number 12 on Golz's Schedule B (list of personal property) is a "MorganStanley [sic] IRA. Acct. #319-116461-409" valued at $6,905.65. Golz inherited the Individual Retirement Account (IRA) from his mother upon her death. Womack requested and received information from Golz regarding the IRA and learned that it was an inherited traditional IRA as set forth on the Morgan Stanley Client Statement. Golz claimed the inherited IRA as exempt property from the bankruptcy estate. Womack objected to Golz's claim of exemption.

2

¶6     Golz has made no personal contributions to the inherited IRA, and he cannot invest additional money in the account. Golz is required to withdraw money from the inherited IRA account no matter how far he is from retirement. Golz may withdraw the entire balance of the account at any time and use it for any purpose without penalty.

**DISCUSSION**

¶7     *Whether, under Montana's liberal construction of exemptions, a debtor may claim an exemption in an inherited Individual Retirement Account pursuant to § 25-13-608(1)(e), MCA.*

¶8     When a debtor files for bankruptcy, an estate is created consisting of all legal and equitable property interests of the debtor as of the date of filing. 11 U.S.C. § 541(a) (2012). A debtor is allowed to exempt certain property from the bankruptcy estate. 11 U.S.C. §§ 541(a)(1), 522 (2012). Property that may be exempt from the bankruptcy estate is set forth at 11 U.S.C. § 522(d). States may opt out of the federal exemption statutes pursuant to 11 U.S.C. § 522(b)(2). Montana has opted out of the federal exemptions. Section 31-2-106, MCA; *In re Archer*, 2006 MT 82, ¶ 7, 332 Mont. 1, 136 P.3d 563.

¶9     Property that may be exempted in a bankruptcy proceeding in Montana includes property described in Title 25, chapter 13, part 6, of the Montana Code Annotated. Section 31-2-106(1), MCA. Relevant to the certified question before us, § 25-13-608(1)(e), MCA, provides that debtors may claim exemptions, without limitation, in "individual retirement accounts, as defined in 26 U.S.C. 408(a), to the extent of deductible contributions made before the suit resulting in judgment was filed and the earnings on those contributions . . . ." The Internal Revenue Code defines

3

"individual retirement account" as "a trust created or organized in the United States for the exclusive benefit of an individual or his beneficiaries . . . ." 26 U.S.C. § 408(a) (2012).

¶10 The U.S. Supreme Court has defined an inherited IRA as "a traditional or Roth IRA that has been inherited after its owner's death." *Clark v. Rameker*, ___ U.S. ___, ___, 134 S. Ct. 2242, 2245 (2014) (citing 26 U.S.C. §§ 408(d)(3)(C)(ii), 408A(a) (2012)). "When anyone other than the owner's spouse inherits the IRA, he or she may not roll over the funds; the only option is to hold the IRA as an inherited account." *Clark*, ___ U.S. at ___, 134 S. Ct. at 2245.

¶11 The Montana Constitution expressly states: "The legislature shall enact liberal homestead and exemption laws." Mont. Const. art. XIII, § 5. Montana courts give liberal construction to exemption laws. *Archer*, ¶ 15. However, the liberal construction of a law cannot disregard the plain language of the statute. *Archer*, ¶ 15.

¶12 Golz argues that, because Montana's exemption laws are to be interpreted liberally, an inherited IRA should be exempt like other IRAs under § 25-13-608(1)(e), MCA. However, in *Clark*, the U.S. Supreme Court held that inherited IRAs are not retirement funds exempt from a bankruptcy estate under 11 U.S.C. § 522(b)(3)(C), and the Court distinguished traditional and Roth IRAs defined in 26 U.S.C. §§ 408(a) and 408A, from inherited IRAs. *Clark*, ___ U.S. at ___, 134 S. Ct. at 2244-45. In drawing the distinction, the Court noted that the holder of an inherited IRA may never invest money in the account under 26 U.S.C. § 219(d)(4) (2012); funds must be withdrawn no matter how close the holder is to retirement under 26 U.S.C. §§ 401(a)(9)(B), 408(a)(6)

4

(2012); and the entire balance of the account may be withdrawn at any time without penalty under 26 U.S.C. § 72(t)(2)(A)(ii) (2012). *Clark*, ___ U.S. at ___, 134 S. Ct. at 2247.

¶13 The Montana Legislature also distinguished traditional and Roth IRAs from inherited IRAs. In § 25-13-608(1)(e), MCA, the Legislature exempted IRAs "as defined in 26 U.S.C. 408(a)" and Roth IRAs "as defined in 26 U.S.C. 408A." The Legislature did not exempt IRAs defined in other subsections of 26 U.S.C. § 408. In *Clark*, the U.S. Supreme Court distinguished traditional and Roth IRAs defined in 26 U.S.C. §§ 408(a) and 408A, from inherited IRAs. Inherited IRAs are not defined in 26 U.S.C. § 408(a) or § 408A. Rather, inherited IRAs are financial accounts with distinct legal characteristics addressed in other sections of Title 26, as outlined above. "In the construction of a statute, the office of the judge is simply to ascertain and declare what is in terms or in substance contained therein, not to insert what has been omitted or to omit what has been inserted." Section 1-2-101, MCA. Under the plain language of § 25-13-608(1)(e), MCA, inherited IRAs are not exempt from the bankruptcy estate.

## CONCLUSION

¶14 Our answer to the certified question is: No, under Montana law, a debtor may not claim an exemption in an inherited IRA pursuant to § 25-13-608(1)(e), MCA.

/S/ JAMES JEREMIAH SHEA

5

We Concur:

/S/ MIKE McGRATH
/S/ BETH BAKER
/S/ PATRICIA COTTER
/S/ LAURIE McKINNON
/S/ MICHAEL E WHEAT
/S/ JIM RICE