June 13, 2019

**Supreme Court**

No. 2018-72-Appeal.
(ND 17-472)

Karl Olsen                              :

        v.                              :

Anna L. DeMayo.                         :

NOTICE: This opinion is subject to formal revision before publication in the Rhode Island Reporter. Readers are requested to notify the Opinion Analyst, Supreme Court of Rhode Island, 250 Benefit Street, Providence, Rhode Island 02903, at Telephone 222-3258 of any typographical or other formal errors in order that corrections may be made before the opinion is published.

Karl Olsen                     :

v.                  :

Anna L. DeMayo.         :

Present: Suttell, C.J., Goldberg, Flaherty, Robinson, and Indeglia, JJ.

**O P I N I O N**

**Justice Robinson, for the Court.** The plaintiff, Karl Olsen, appeals from a February 6, 2018 judgment in favor of the defendant, Anna L. DeMayo, in Newport County Superior Court. The Superior Court justice granted Mrs. DeMayo's motion for summary judgment on the ground that Mr. Olsen was not legally entitled to recover rent monies which he had paid to her over the extended period of time during which he was renting a waterfront condominium from her—even though Mrs. DeMayo had not complied with a statute that requires a landlord who is not a resident of this state to designate an in-state agent for service of process. On appeal, Mr. Olsen raises the following issues: (1) whether he had a right "to recover damages in the amount of the abated rent paid to [Mrs.] DeMayo while she was in violation of R.I. Gen. Laws § 34-18-22.3;" (2) whether he had a right to recover those asserted damages "under R.I. Gen. Laws § 9-1-2;" and (3) whether he had a right to recover those asserted damages under the equitable theory of unjust enrichment.

For the reasons set forth in this opinion, we affirm the judgment of the Superior Court.

# I

## Facts and Travel

This case arises out of a landlord-tenant relationship that lasted for nearly ten years without incident. From November of 2005 until some time in 2015, Mr. Olsen rented a waterfront condominium in Newport from Mrs. DeMayo. (The parties do not agree on when exactly the tenancy was terminated, but that detail is immaterial.) After the termination of the tenancy, a dispute arose between the parties regarding the return of the security deposit. For the entire period of the tenancy, Mrs. DeMayo was a resident of the State of Connecticut.

On July 7, 2017, nearly two years after the termination of the tenancy, Mr. Olsen filed a complaint in the Second Division District Court, alleging that, for the entire period of his tenancy, Mrs. DeMayo had been in violation of G.L. 1956 § 34-18-22.3, which statute requires landlords who reside outside of Rhode Island to "designate and continuously maintain an agent upon whom service may be made * * *."[1] Mr. Olsen argued in District Court that Mrs. DeMayo never properly filed such a designation with the Secretary of State and the City of Newport as required by the just-cited statute and that, for that reason, he was entitled to recover from her the entire amount of rent which he had paid over the years during which he had rented the condominium, as well as prejudgment interest. He argued that he was entitled to recover the rent monies on the basis of the following language in § 34-18-22.3: "If a landlord fails to comply with the requirements of this section, rent for the dwelling unit abates until designation of an agent is made * * *." Mr. Olsen also argued in District Court that he should be allowed to recover the rent monies on the basis of

---

[1] General Laws 1956 § 34-18-22.3 has subsequently been amended by the General Assembly in a manner that has no bearing on the instant case. *See* § 34-18-22.3, as amended by P.L. 2018, ch. 265, § 1; P.L. 2018, ch. 213, § 1.

2

§ 9-1-2, which provides for "civil liability for crimes and offenses." Finally, Mr. Olsen argued that Mrs. DeMayo was liable to him pursuant to the equitable theory of unjust enrichment.

Mrs. DeMayo contended in response that § 34-18-22.3 does not allow for the retroactive recovery of rent already paid by a tenant prior to the termination of his or her tenancy; that § 9-1-2 was not a basis for recovery by the tenant because non-compliance with § 34-18-22.3 does not constitute criminal conduct triggering the applicability of § 9-1-2; and that the equitable theory of unjust enrichment did not apply in this case because Mr. Olsen had suffered no harm.

The parties filed cross-motions for summary judgment; and, on November 22, 2017, a judge of the District Court granted Mrs. DeMayo's motion and denied Mr. Olsen's motion. Mr. Olsen timely appealed to Superior Court. In the Superior Court, the parties again filed cross-motions for summary judgment, and a hearing was held on January 2, 2018 with respect to same. The arguments of the parties in the Superior Court were virtually identical to those which they had made in the District Court. The Superior Court reached the same conclusion as the District Court and granted summary judgment in favor of Mrs. DeMayo, while dismissing all three of Mr. Olsen's claims. Final judgment entered on February 6, 2018, from which Mr. Olsen timely appealed to this Court.

## II

### Standard of Review

The Superior Court reviews an appeal from the District Court under the Residential Landlord and Tenant Act in a *de novo* manner. *Warwick Housing Authority v. McLeod*, 913 A.2d 1033, 1035 n.2 (R.I. 2007). This Court examines an appeal from cross-motions for summary judgment in the Superior Court in a *de novo* manner. *Medical Malpractice Joint Underwriting Association of Rhode Island v. Charlesgate Nursing Center, L.P.*, 115 A.3d 998, 1002 (R.I. 2015).

In conducting that review, we "view the evidence in the light most favorable to the nonmoving party, and if we conclude that there are no genuine issues of material fact and that the moving party is entitled to judgment as a matter of law, we will affirm the judgment." *Sullo v. Greenberg*, 68 A.3d 404, 406-07 (R.I. 2013) (internal quotation marks omitted). This Court will "not hesitate to affirm a grant of summary judgment if the nonmoving party fails to make a showing sufficient to establish the existence of an element essential to that party's case * * *." *Beauregard v. Gouin*, 66 A.3d 489, 493 (R.I. 2013) (internal quotation marks omitted).

We also review issues of statutory interpretation *de novo*. *Town of Warren v. Bristol Warren Regional School District*, 159 A.3d 1029, 1039 (R.I. 2017). If "a statute is clear and unambiguous we are bound to ascribe the plain and ordinary meaning of the words of the statute and our inquiry is at an end." *Id.* (internal quotation marks omitted). "However, when a statute is susceptible of more than one meaning, we employ our well-established maxims of statutory construction in an effort to glean the intent of the Legislature." *Id.* (internal quotation marks omitted); *see also State v. Graff*, 17 A.3d 1005, 1010 (R.I. 2011) ("In our approach to [the] interpretive task, we are mindful that our ultimate goal is to give effect to the General Assembly's intent.") (internal quotation marks omitted).

It is especially worth noting that "under no circumstances will this Court construe a statute to reach an absurd result." *Mendes v. Factor*, 41 A.3d 994, 1002 (R.I. 2012) (internal quotation marks omitted).

## III

## Analysis

## A

## Recovery Under § 34-18-22.3

Mr. Olsen argues that § 34-18-22.3 is plain and unambiguous and that it provides him with "an express private right of action" to recover the entire amount of rent he paid to Mrs. DeMayo during the period of his tenancy (an amount approaching three hundred thousand dollars) "together with prejudgment interest thereon and costs." Section 34-18-22.3 stated in pertinent part:

> "A landlord who is not a resident of this state shall designate and continuously maintain an agent upon whom service may be made of any process, notice, or demand required or permitted by law to be served * * *. If a landlord fails to comply with the requirements of this section, rent for the dwelling unit abates until designation of an agent is made and the landlord shall be subject to a fine of up to five hundred ($500) dollars per violation, payable to the municipality."

Mr. Olsen asserts that, because throughout the entire period of his tenancy, Mrs. DeMayo was not in compliance with this statute, he had "no obligation to pay the rent" and that Mrs. DeMayo had "no right to collect the rent." He further argues that, because in his view he was under no obligation to pay rent, the plain and obvious meaning of the statute requires that he be refunded the entire amount which he actually paid to Mrs. DeMayo over the years of his tenancy—all pursuant to a civil action that he did not commence until some two years after he had ceased being a tenant of Mrs. DeMayo.

This argument is unavailing. We agree with the hearing justice, who found that § 34-18-22.3 "does not provide a cause of action which allows the tenant to *retroactively* recover past rents solely based upon the landlord's failure to [designate an agent.]" (Emphasis added.) The hearing justice made this determination after acknowledging that there was "some ambiguity in the

5

statute," with which observation we also agree. The term "abate" is ambiguous in this context because it "is susceptible of more than one meaning * * *." *See Town of Warren*, 159 A.3d at 1039; *Drs. Pass and Bertherman, Inc. v. Neighborhood Health Plan of Rhode Island*, 31 A.3d 1263, 1269 (R.I. 2011). Accordingly, we shall now proceed to interpret that ambiguous statutory language by "employ[ing] our well-established maxims of statutory construction * * *." *Town of Warren*, 159 A.3d at 1039.

Black's Law Dictionary provides the following two definitions of "abatement" that have arguable pertinence to the instant case:

> "1. The act of eliminating or nullifying * * *.
>
> "* * *
>
> "3. The act of lessening or moderating; diminution in amount or degree * * *." Black's Law Dictionary 3 (10th ed. 2014).

Bearing in mind these definitions, as well as the fact that the statute itself provides no definition of the term "abates," an argument could theoretically be constructed to the effect that the requirement of paying rent is eliminated or nullified with respect to the entire period of time that a landlord has been in non-compliance with the statute. (*See* definition #1, *supra*.) The alternative argument would be that the requirement about paying rent can be lessened or moderated prospectively when a particular event justifies that far less draconian form of abatement. (*See* definition #3, *supra*.)

Given the existence of those two theoretically conceivable interpretations of the term "abate" in § 34-18-22.3, it becomes our role "to give effect to the purpose of the act as intended by the Legislature." *Powers v. Warwick Public Schools*, 204 A.3d 1078, 1085 (R.I. 2019) (internal quotation marks omitted).

6

The General Assembly was quite specific as to the purposes of the Residential Landlord and Tenant Act of which the statute at issue is a part. Section 34-18-2 of the General Laws provides in pertinent part:

> "(b) Underlying purposes and policies of this chapter are to:
>
> "(1) Simplify, clarify, modernize and revise the law governing the rental of dwelling units and the rights and obligations of landlords and tenants;
>
> "(2) Encourage landlords and tenants to maintain and improve the quality and availability of housing;
>
> "(3) Make more uniform the law relating to residential landlord and tenant relations in those respects in which this chapter follows the 'Uniform Residential Landlord–Tenant Act.'"

In giving effect to that stated legislative purpose, we "must consider the entire statute as a whole; individual sections must be considered in the context of the entire statutory scheme, not as if each section were independent of all other sections." *State v. Briggs*, 58 A.3d 164, 168 (R.I. 2013) (internal quotation marks omitted); *see Ryan v. City of Providence*, 11 A.3d 68, 71 (R.I. 2011). No other section of the Residential Landlord and Tenant Act so drastically allows a tenant to reach back (or, to use the term currently in vogue, "claw back") *ad infinitum* simply because the landlord has failed to comply with a ministerial duty. Nothing in the overall statutory scheme lends any support for the proposition that the General Assembly intended so draconian a result.

Turning next to the above-described ambiguity of the term "abates" in § 34-18-22.3, we are mindful of the principle that, when we construe "an ambiguous statute, we must look to the entire statutory scheme to deduce the legislative intent; our interpretive gaze should not be restricted to a mere isolated provision, * * * and under no circumstances will [we] construe a statute to reach an absurd result." *Mancini v. City of Providence*, 155 A.3d 159, 163 (R.I. 2017) (internal quotation marks omitted). Allowing for Mr. Olsen to claw back monies that he paid as

7

rent to Mrs. DeMayo for many years (which monies were paid so that he and his family could live at a property owned by Mrs. DeMayo) would, in our considered judgment, violate the venerable canon of statutory construction that militates against reaching an absurd result. To allow Mr. Olsen to recover the full amount of rent that he paid to Mrs. DeMayo over many years when he has failed to even allege that he was harmed in any way by her alleged non-compliance during his tenancy with a statutory mandate would be the product of an absurd and entirely inequitable interpretation of the statute. If we were to adopt Mr. Olsen's interpretation of this statute, the result would be that Mr. Olsen and his family were able to occupy Mrs. DeMayo's waterfront condominium for nearly a decade completely rent-free; we unequivocally decline to do so.

Moreover, at no time has Mr. Olsen contended that he was stymied in some attempt to serve Mrs. DeMayo with "any process, notice, or demand required or permitted by law to be served * * *." Section 34-18-22.3. Actually, Mr. Olsen has not alleged that he was harmed in any way by Mrs. DeMayo's alleged failure to have filed the designation called for in the statute.[2] Mr. Olsen has "fail[ed] to make a showing sufficient to establish the existence of an element *essential* to [his] case"—that essential element being that he suffered harm as a result of Mrs. DeMayo's alleged violation of § 34-18-22.3. *Beauregard*, 66 A.3d at 493 (emphasis added) (internal quotation marks omitted); *see also Laplante v. Rhode Island Hospital*, 110 A.3d 261, 264 (R.I. 2015); *Lavoie v. North East Knitting, Inc.*, 918 A.2d 225, 228 (R.I. 2007).

---

[2]    Mr. Olsen did provide an affidavit to the Superior Court at the time that the cross-motions for summary judgment were filed, but that affidavit failed to state that he had suffered any damages. Instead, Mr. Olsen's affidavit simply stated: "During my tenancy, *I did not know* that [Mrs. DeMayo] was in violation of R.I. Gen. Laws § 34-18-22.3, and *I did not know* that my rent was abated as a result of her violation." (Emphasis added.)

For all of these reasons, it is our opinion, after a careful *de novo* review of the record, that the hearing justice properly granted Mrs. DeMayo's motion for summary judgment as to § 34-18-22.3 and properly denied Mr. Olsen's cross-motion.

**B**

**Recovery Under § 9-1-2**

Mr. Olsen also argues that § 9-1-2 allows him to recover based on the theory that Mrs. DeMayo violated § 34-18-22.3. Section 9-1-2, which affords "civil liability for crimes and offenses," provides in pertinent part:

> "Whenever any person shall suffer any injury to his or her person, reputation, or estate by reason of the commission of any crime or offense, he or she may recover his or her damages for the injury in a civil action against the offender, and it shall not be any defense to such action that no criminal complaint for the crime or offense has been made * * *."

After considering the record and the arguments of the parties, the hearing justice concluded that there was no indication that "there [were] sufficient indicia of criminality in order to apply [§] 9-1-2."

Even assuming *arguendo* that an alleged violation of a statute that requires a landlord to designate an agent sufficiently constitutes an "offense" under § 9-1-2 (a proposition about which we are dubious), it is our opinion that this count in the complaint was properly dismissed at the summary judgment stage—because another completely sufficient ground exists for the grant of summary judgment.[3] Under § 9-1-2, a person "may recover his or her damages" for the alleged offense. As discussed *supra*, Mr. Olsen did not allege that he had suffered any damages as a result

---

[3]     It should go without saying that we are "free to affirm on grounds other than those relied on by the trial justice." *Shepard v. Harleysville Worcester Insurance Co., Inc.*, 944 A.2d 167, 170 (R.I. 2008).

of Mrs. DeMayo's purported violation of § 34-18-22.3. *See Mutual Development Corp. v. Ward Fisher & Co., LLP*, 47 A.3d 319, 323 (R.I. 2012). Because he did not incur any damages as a result of Mrs. DeMayo's alleged offense, there was no basis for recovery under § 9-1-2; and, therefore, we uphold the grant of summary judgment as to this count.

## C

### Recovery Under the Theory of Unjust Enrichment

Mr. Olsen also argues that the trial justice erred when he determined that "the elements of unjust enrichment are not satisfied based on the facts of this case."

In an action to recover for unjust enrichment, a plaintiff must prove:

> "(1) that he or she conferred a benefit upon the party from whom relief is sought; (2) that the recipient appreciated the benefit; and (3) that the recipient accepted the benefit under such circumstances that it would be inequitable for [the recipient] to retain the benefit without paying the value thereof." *Dellagrotta v. Dellagrotta*, 873 A.2d 101, 113 (R.I. 2005) (internal quotation marks omitted).

This Court has held that "[r]ecovery for unjust enrichment is predicated upon the equitable principle that one shall not be permitted to enrich himself at the expense of another by receiving property or benefits without making compensation for them." *South County Post & Beam, Inc. v. McMahon*, 116 A.3d 204, 213 (R.I. 2015) (internal quotation marks omitted).

We find ourselves in agreement with the hearing justice's determination that Mr. Olsen was not entitled to recover under the theory of unjust enrichment. The third element of a cause of action for unjust enrichment as articulated in *Dellagrotta* is that it would have been "inequitable" for Mrs. DeMayo to have retained the benefit at issue. *See Dellagrotta*, 873 A.2d at 113. However, we perceive no error whatsoever in the trial justice's conclusion that Mrs. DeMayo's retention of "the benefit" (*i.e.*, the rent money from Mr. Olsen) was not inequitable because Mr. Olsen received real value for it in the form of the right to occupy the waterfront condominium at issue for an

10

extended period of time.  It is completely clear to us that, even viewing the facts in the light most favorable to Mr. Olsen, Mrs. DeMayo was entitled to summary judgment because Mr. Olsen did not show the existence of an essential element under the theory of unjust enrichment.

## IV

## Conclusion

For the reasons set forth herein, we affirm the judgment of the Superior Court.  We remand the record to that tribunal.

STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS

## SUPREME COURT – CLERK'S OFFICE

## OPINION COVER SHEET

| | |
|---|---|
| **Title of Case** | Karl Olsen v. Anna L. DeMayo. |
| **Case Number** | No. 2018-72-Appeal.<br>(ND 17-472) |
| **Date Opinion Filed** | June 13, 2019 |
| **Justices** | Suttell, C.J., Goldberg, Flaherty, Robinson, and Indeglia, JJ. |
| **Written By** | Associate Justice William P. Robinson III |
| **Source of Appeal** | Newport County Superior Court |
| **Judicial Officer From Lower Court** | Associate Justice Brian Van Couyghen |
| **Attorney(s) on Appeal** | For Plaintiff:<br><br>Kevin P. Gavin, Esq.<br>For Defendant:<br><br>Michael J. Richards, Esq. |