December 11, 2019

**Supreme Court**

No. 2018-94-M.P.
(BK 16-11859)

In re: Lynette Kapsinow                    :

NOTICE: This opinion is subject to formal revision before publication in the Rhode Island Reporter. Readers are requested to notify the Opinion Analyst, Supreme Court of Rhode Island, 250 Benefit Street, Providence, Rhode Island 02903, at Telephone 222-3258 of any typographical or other formal errors in order that corrections may be made before the opinion is published.

In re: Lynette Kapsinow                    :


Present:  Suttell, C.J., Goldberg, Flaherty, Robinson, and Indeglia, JJ.

## O P I N I O N

**Justice Robinson, for the Court.**  This case comes before us pursuant to an April 12, 2018 order of the United States Bankruptcy Court for the District of Rhode Island (the Bankruptcy Court) certifying a question to this Court in accordance with Article I, Rule 6(a) of the Supreme Court Rules of Appellate Procedure.[1]  The certified question reads as follows:

> "Whether a debtor may claim an exemption in an inherited Individual Retirement Annuity [IRA], including one inherited from a non-spouse, pursuant to R.I. Gen. Laws § 9-26-4(11)."

---

[1]     Article I, Rule 6(a) of the Supreme Court Rules of Appellate Procedure provides as follows:

> "This Court may answer questions of law certified to it by the Supreme Court of the United States, a Court of Appeals of the United States, or of the District of Columbia, or a United States District Court when requested by the certifying court if there are involved in any proceeding before it questions of law of this state which may be determinative of the cause then pending in the certifying court and as to which it appears to the certifying court there is no controlling precedent in the decisions of this Court."

The exercise of jurisdiction anticipated by the above-quoted rule is discretionary. *See Mancini v. City of Providence*, 155 A.3d 159, 161 n.1 (R.I. 2017) (citing *In re Tetreault*, 11 A.3d 635, 639 (R.I. 2011)). On May 21, 2018, we issued an order reflecting our decision to exercise that discretion in the instant case and to accept the certified question for determination.

- 1 -

For the reasons set forth in this opinion, we answer the certified question in the affirmative—G.L. 1956 § 9-26-4(11) does permit a debtor to claim an exemption for an inherited Individual Retirement Annuity (IRA).[2]

## I

## Facts and Travel[3]

The parties reached an agreed statement of facts, which was attached to and incorporated in the Certification Order transmitted to this Court from the Bankruptcy Court. The parties further stipulated that "there are no outstanding issues of disputed fact before the Court." Accordingly, in relating the facts of this case, we rely solely on the agreed statement of facts.

The debtor, Lynette Kapsinow, "filed a voluntary Chapter 7 [bankruptcy petition] on October 31, 2016 * * *." Stacy B. Ferrara (the Trustee) was appointed as the trustee for that matter. As is permitted by 11 U.S.C. § 522(b), the debtor in this case opted for state exemptions. *See In re Strandberg*, 253 B.R. 584, 586 (Bankr. D.R.I. 2000) (discussing the fact that Rhode Island has not opted out of the federal bankruptcy exemption scheme and that, consequently, a debtor in Rhode Island may choose either state or federal exemptions). The debtor's bankruptcy petition sought, under Rhode Island law, to exempt an IRA held by American Century

---

[2]     The acronym "IRA" is often used to stand for either Individual Retirement Annuity or Individual Retirement Account. In this case, the certified question specifically references an Individual Retirement Annuity. However, for the purposes of this opinion, our conclusion is the same whether we are presented with an Individual Retirement Annuity or an Individual Retirement Account.

[3]     We pause at the outset to note our appreciation for the additional submissions, in the form of *amicus curiae* briefs, which this Court has received—namely, one brief from the Association of Rhode Island Creditors' Attorneys and one joint brief from the National Consumer Law Center, the National Consumer Bankruptcy Rights Center, and the National Association of Consumer Bankruptcy Attorneys.

Investments in the sum of $84,962.88 (the inherited IRA) pursuant to Rhode Island state statute § 9-26-4(11).  The Trustee objected.

The inherited IRA in question was inherited by the debtor from her late mother, Miriam Kapsinow.  At the time of her death, Miriam Kapsinow "owned an Individual Retirement Annuity with Aviva Life and Annuity Company" (Aviva), of which the debtor was the beneficiary.  Miriam Kapsinow's account was a "qualified retirement account as defined under 408 of the Internal Revenue Code."  On April 15, 2010, following her mother's death, the debtor "executed an Annuity Claim Form seeking claim to [Miriam Kapsinow's IRA] and requested that the proceeds be 'moved to an Inherited IRA.'"  Aviva then opened an Inherited Annuity Account for the debtor.

On June 7, 2012, the debtor directed Aviva to "surrender and transfer all of her beneficial interest in and to" the inherited IRA to American Century Investments.  American Century Investments invested half of the balance in an "Ultra Fund" and half in a "Select Fund" with the account titled as follows: "SSBT&T Cust for the IRA Bene of Lynette S. Kapsinow as Bene of Miriam Kapsinow."

Since the death of the debtor's mother, the debtor has "had access to all of the funds in the Inherited IRA for any reason, without penalty; could not make any further contributions into the Inherited IRA; was required to take minimum distributions from the Inherited IRA Account; and must keep the Inherited IRA separate from any other accounts she has, if any." Additionally, the agreed statement of facts noted that "[t]he [d]ebtor has never made any contributions to the Inherited IRA."  As of March 31, 2017, the value of the inherited IRA was $94,421.87.

On April 12, 2018, the Bankruptcy Court certified to this Court the question about the availability of an exemption in bankruptcy with respect to the inherited IRA with which we now contend. We are limited in our review to the legal question which was certified to us.

## II

## The Certified Question

"Whether a debtor may claim an exemption in an inherited Individual Retirement Annuity, including one inherited from a non-spouse, pursuant to R.I. Gen. Laws § 9-26-4(11)."

## III

## Standard of Review

Certified questions are questions of law; and, consequently, this Court reviews them in a *de novo* manner. *Mancini v. City of Providence*, 155 A.3d 159, 161 (R.I. 2017); *see also In re Tetreault*, 11 A.3d 635, 639 (R.I. 2011). What is more, as we have consistently stated, "this Court adheres to the *de novo* standard when reviewing issues of statutory construction." *Mancini*, 155 A.3d at 161; *see also DeMarco v. Travelers Insurance Co.*, 26 A.3d 585, 616 (R.I. 2011).

## IV

## Analysis

It has long been a cornerstone of our statutory construction jurisprudence that "[i]f a statute is clear and unambiguous we are bound to ascribe the plain and ordinary meaning of the words of the statute and our inquiry is at an end." *Olsen v. DeMayo*, 210 A.3d 431, 435 (R.I. 2019) (internal quotation marks omitted). Only when we determine that a statute is "susceptible of more than one meaning, [do] we employ our well-established maxims of statutory construction in an effort to glean the intent of the Legislature." *Id.* (internal quotation marks

omitted). We also note that "under no circumstances will this Court construe a statute to reach an absurd result." *Mendes v. Factor*, 41 A.3d 994, 1002 (R.I. 2012) (internal quotation marks omitted).

We begin our inquiry with the statutory section at issue. Section 9-26-4(11) provides as follows:

> "The following goods and property shall be exempt from attachment on any warrant of distress or on any other writ, original, mesne, or judicial:
>
> "* * *
>
> "An individual retirement account or individual retirement annuity *as defined in the Internal Revenue Code, 26 U.S.C. §§ 408* and 408A,[4] and the payments or distributions from such an account or annuity, except that this exemption does not apply to any of the following:
> > (i) An order of a court pursuant to a judgment of divorce or separate maintenance.
> > (ii) An order of a court concerning child support.
> > (iii) Contributions to an individual retirement account, or premiums on an individual retirement annuity, including the earnings or benefits from those contributions or premiums that constitute an excess contribution within the meaning of Section 4973 of the Internal Revenue Code, [26 U.S.C. § 4973]." (Emphasis added.)

In our judgment, the language of § 9-26-4(11) clearly and unambiguously provides an exemption for an IRA "as defined in * * * 26 U.S.C. § * * * 408." Accordingly, the question we must ask ourselves is whether an inherited IRA is defined in § 408.

When we turn our attention to § 408, we find that § 408(a) defines "individual retirement account," and § 408(b) defines "individual retirement annuity." Later, in § 408(d)(3)(C)(ii), which deals with the rollover treatment of IRAs for tax purposes, it is provided as follows:

---

[4]    We note that 26 U.S.C. § 408A applies specifically to Roth IRAs, with which we are not concerned in this opinion.

- 5 -

> "**Inherited individual retirement account or annuity.**--An individual retirement account or individual retirement annuity shall be treated as inherited if--
>> (**I**) the individual for whose benefit the account or annuity is maintained acquired such account by reason of the death of another individual, and
>> (**II**) such individual was not the surviving spouse of such other individual."

Thus, we are tasked with determining whether the just-quoted language is a definition.

After a painstaking review of the statutory scheme at issue and after thoughtful consideration of the arguments of the parties, we simply have not been swayed from our considered judgment that the language of both § 9-26-4(11) and § 408 is clear and unambiguous. Section 408 clearly defines both individual retirement annuities and individual retirement accounts. Then said section goes further and, in the opinion of this Court, clearly *defines* an inherited IRA as well. *See* § 408(d)(3)(C)(ii). For the purposes of this case, it matters not that the term inherited IRA is defined in a statutory section devoted to the rollover treatment of IRAs for tax purposes. It is clear that the General Assembly included IRAs as defined in any and all parts of § 408, not just § 408(a) and/or (b). The General Assembly was certainly free to restrict exemptions to IRAs as defined in § 408(a) and/or (b). However, in this case, it chose not to do so. Consequently, we are constrained to interpreting the language of the statute before us. *See Powers v. Warwick Public Schools*, 204 A.3d 1078, 1089 (R.I. 2019) ("If the General Assembly had intended to include work-sharing benefits in the average weekly wage calculation it would certainly have been free to do so (and it remains free to choose to do so prospectively), but we are constrained by the statute before us."); *see also State v. LeFebvre*, 198 A.3d 521, 527 (R.I. 2019) ("It is not for this Court to determine whether a statute enacted by the General Assembly 'comports with our [own] ideas of justice, expediency or sound public policy.'"); Felix Frankfurter, *Some Reflections on the Reading of Statutes*, 47 Colum. L. Rev. 527, 545 (1947)

("In a democracy the legislative impulse and its expression should come from those popularly chosen to legislate, and equipped to devise policy, as courts are not.").[5]

Since it is readily apparent to this Court that the statutory sections at issue are clear and unambiguous, our inquiry is at an end. We need only apply the plain and ordinary meaning of the words in the statute.[6] *See Olsen*, 210 A.3d at 435. We need not involve ourselves in this case with the venerable maxims of statutory construction or with weighing policy arguments for or against the appropriateness of an exemption in this case. Rather, we look solely to the pellucid dictates of the General Assembly. Accordingly, under the plain and ordinary meaning of the language in § 9-26-4(11) and § 408, an inherited IRA is defined under § 408, and it is, therefore, exempt under § 9-26-4(11).[7]

---

[5]     We are wholly in accord with the following jurisprudential principle nicely articulated by the United States Supreme Court:

> "[The Court's] individual appraisal of the wisdom or unwisdom of a particular course consciously selected by the Congress is to be put aside in the process of interpreting a statute. Once the meaning of an enactment is discerned * * *, the judicial process comes to an end. We do not sit as a committee of review, nor are we vested with the power of veto." *Tennessee Valley Authority v. Hill*, 437 U.S. 153, 194-95 (1978).

[6]     Although we need not rely on this maxim, we note that G.L. 1956 § 9-26-4(11) is a remedial statute, and this Court has stated that, "where the statute is remedial, one which affords a remedy, or improves or facilitates remedies already existing for the enforcement of rights or redress of wrongs, it is to be construed liberally." *Gem Plumbing & Heating Co., Inc. v. Rossi*, 867 A.2d 796, 811 (R.I. 2005) (internal quotation marks omitted).

[7]     We are aware that numerous states have dealt with the issue of a bankruptcy exemption for an inherited IRA under state law. *See, e.g.*, *In re Mosby*, No. 15-9153-JWL, 2015 WL 6610988 (D. Kan. Oct. 30, 2015); *Todd v. Endurance American Insurance Co.*, 596 B.R. 79 (N.D.N.Y. 2019); *In re: Arehart*, No. 17-01678-TLM, 2019 WL 171466 (Bankr. D. Idaho Jan. 10, 2019); *In re: Hamm*, 586 B.R. 745 (Bankr. N.D. Ill. 2018); *In re: Kara*, 573 B.R. 696 (Bankr. W.D. Tex. 2017); *In re Pacheco*, 537 B.R. 935 (Bankr. D. Ariz. 2015); *In re Everett*, 520 B.R. 498 (E.D. La. 2014); *In re Navarre*, 332 B.R. 24 (Bankr. M.D. Ala. 2004); *In re Golz*, 360 P.3d 1142 (Mont. 2015). While we have read and considered those cases, in addition to other cases

That being said, we will briefly comment on the possible relevance of the United States Supreme Court's opinion in *Clark v. Rameker*, 573 U.S. 122 (2014), which was raised on appeal by the Trustee. In that case, the Court ultimately concluded that, under the federal bankruptcy exemption statute, in particular 11 U.S.C. § 522(b)(3)(C), the term "retirement funds" did not include inherited IRAs. *Clark*, 573 U.S. at 124, 133. In so doing, the Court discussed the factors that distinguish a traditional IRA from an inherited IRA—*viz.*, the fact that holders of inherited IRAs may never invest additional funds into the account; the fact that "holders of inherited IRAs are required to withdraw money from such accounts, no matter how many years they may be from retirement;" and the fact that holders of inherited IRAs may "withdraw the entire balance of the account at any time—and for any purpose—without penalty." *Id.* at 128-30. In *Clark*, the Court further addressed the policy reasons for exempting IRAs and determined that those policy considerations did not suggest that inherited IRAs should have exempt status under the federal bankruptcy statute. *Id.* at 129-30.

However, while *Clark* is certainly instructive, it is not controlling on this Court. The Court in *Clark* was construing the language of a federal statute, specifically the meaning of the term "retirement funds," while the question before us involves completely different language contained in a Rhode Island state statute. Indeed, § 9-26-4(11) never uses the term "retirement funds." Additionally, our General Assembly was certainly free to enact a statute that provides greater protections to the debtor than does its federal counterpart; and, in this case, it did so in a clear and unambiguous manner. *See In re Pacheco*, 537 B.R. 935, 940 (Bankr. D. Ariz. 2015) (determining that *Clark* did not apply to an analysis of Arizona's state exemption statute and stating that "Arizona's exemption law may allow a debtor to keep more than he or she could

from around the country, each of those cases are governed by the particular language of the state statute at issue. Consequently, those are, at best, instructive.

under the Bankruptcy Code[;] * * * [t]hat is a choice Congress has allowed states to make"); *see also In re: Kara*, 573 B.R. 696, 699 (Bankr. W.D. Tex. 2017).[8] What is more, given the fact that the language of our state statute is clear and unambiguous, we need not and do not consider policy considerations such as those discussed in *Clark*. *See Olsen*, 210 A.3d at 435.

Furthermore, we are not swayed by the argument of the Trustee that subsection (iii) of § 9-26-4(11) somehow alters our interpretation of the "as defined in" language in that statute. Additionally, we are utterly unable to say that recognizing the presence of an exemption in this case constitutes an absurd result. *See Mendes*, 41 A.3d at 1002. Indeed, some states have expressly included inherited IRAs in their exemption statutes, which reinforces our conviction that the choice made by the General Assembly is a rational legislative decision devoid of any absurdity. *See, e.g.*, Ariz. Rev. Stat. Ann. § 33-1126(B); Fla. Stat. Ann. § 222.21(2)(c); Mo. Ann. Stat. § 513.430(1)(10)(f); Tex. Prop. Code Ann. § 42.0021(a)(4).

Accordingly, we hold that, based on the clear and unambiguous statutory language at issue, a debtor may claim an exemption in an inherited IRA pursuant to § 9-26-4(11).[9]

## V

### Conclusion

For the reasons set forth in this opinion, we answer the certified question in the affirmative—§ 9-26-4(11) does permit a debtor to claim an exemption for an inherited IRA. The

---

[8] We note that this is not the only circumstance where Rhode Island's state bankruptcy exemption is more forgiving to the debtor than its federal counterpart. With respect to the homestead exemption in bankruptcy, under 11 U.S.C. § 522(d)(1) the available federal exemption is $25,150, while pursuant to § 9-26-4.1(a) the Rhode Island state exemption is $500,000. *See also* Revision of Certain Dollar Amounts in the Bankruptcy Code Prescribed under Section 104(a) of the Code, 84 Fed. Reg. 3488-01 (Feb. 12, 2019).

[9] We pass no judgment on the question of preemption, which is referenced in several of the briefs; it is simply not referenced in the specific legal question certified to us by the Bankruptcy Court, and our review is restricted to that legal question. *See Mancini*, 155 A.3d at 161.

papers in this case may be remanded to the United States Bankruptcy Court for the District of Rhode Island for further proceedings.

**Justice Indeglia, with whom Chief Justice Suttell joins, dissenting.** A careful review of G.L. 1956 § 9-26-4(11) leads me to believe that the statute unambiguously restricts a debtor from claiming "an inherited Individual Retirement Annuity [(IRA)], including one inherited from a non-spouse," as exempt from Chapter 7 of the United States Bankruptcy Code.[10] Therefore, I respectfully dissent.

When reviewing questions of statutory interpretation, "our ultimate goal is to give effect to the purpose of the [statute] as intended by the Legislature." *In re B.H.*, 194 A.3d 260, 264 (R.I. 2018). "When the language of a statute is clear and unambiguous, this Court must interpret the statute literally and must give the words of the statute their plain and ordinary meanings." *Id.* (brackets omitted) (quoting *State v. Santos*, 870 A.2d 1029, 1032 (R.I. 2005)). "The Legislature is presumed to have intended each word or provision of a statute to express a significant meaning, and the Court will give effect to every word, clause, or sentence, whenever possible." *Id.* (brackets omitted) (quoting *State v. Clark*, 974 A.2d 558, 571 (R.I. 2009)).

Three reasons lead me to believe that the statute is unambiguous and does not include inherited IRAs. First, the word "inherited" appears nowhere in § 9-26-4(11), and the reference to this term is buried within the Internal Revenue Code under a subsection titled "Tax treatment of distributions." 26 U.S.C. § 408(d)(3)(C). Second, an inherited IRA is distinctly different from an

---

[10] I adopt the majority's second footnote, which states: "The acronym 'IRA' is often used to stand for either Individual Retirement Annuity or Individual Retirement Account. In this case, the certified question specifically references an Individual Retirement Annuity. However, for the purposes of this opinion, our conclusion is the same whether we are presented with an Individual Retirement Annuity or an Individual Retirement Account."

IRA, such that the term "inherited" should not be read into § 9-26-4(11). Third, the policy underlying such bankruptcy exemptions supports the conclusion that the term "inherited IRA" should not be morphed into the statute. I address each of these issues below.

**1**

First, § 9-26-4(11) exempts "[a]n individual retirement account or individual retirement annuity as defined in the Internal Revenue Code, 26 U.S.C. §§ 408 and 408A[.]" A plain reading of § 9-26-4(11) indicates that only an individual retirement account or individual retirement annuity may be exempt. The statute then directs the reader to §§ 408 and 408A for the limited purpose of obtaining definitions to those *two* terms.[11] Section 408(a) is titled "Individual retirement account[,]" and § 408(b) is titled "Individual retirement annuity[,]" both of which serve as definition sections for those respective titles. The clear direction of our Legislature, therefore, was to consider §§ 408 and 408A for the definitions of these two terms. In my view, the statute is unambiguous, and that is where the analysis should end.

The majority, however, holds that § 9-26-4(11) is unambiguous but reads it to include inherited IRAs in addition to noninherited ones. Notably, the term "inherited" is absent from the language of § 9-26-4(11); yet, the majority concludes that the statute is unambiguous while at the same time reading in a word that is not present in the statutory language and that has a distinctly different definition from the terms listed. *See Olsen v. DeMayo*, 210 A.3d 431, 435 (R.I. 2019) ("If 'a statute is clear and unambiguous we are bound to ascribe the plain and ordinary meaning of the words of the statute and our inquiry is at an end.'") (quoting *Town of Warren v. Bristol Warren Regional School District*, 159 A.3d 1029, 1039 (R.I. 2017)).

---

[11] Section 408A, the second statutory section readers are directed to in § 9-26-4(11), defines Roth IRAs. While I am of the opinion that inherited IRAs should not be read into the statute, a Roth IRA is covered because it is, for all intents and purposes, a retirement fund, comparable to a traditional IRA.

The majority gleans a "definition" for inherited IRA from a discrete subsection of the Internal Revenue Code, 26 U.S.C. § 408(d)(3)(C)(ii), which a reader can find thirty-four paragraphs into the section. This subsection articulates under what circumstances an IRA shall be "treated as inherited[.]" Section 408(d)(3)(C)(ii). While §§ 408(a) and 408(b) clearly define the terms listed in § 9-26-4(11), § 408(d) refers to "[t]ax treatment of distributions." Specifically, the term "inherited IRA" is being utilized in that subsection to determine whether the account should be "deni[ed] * * * rollover treatment[.]" Section 408(d)(3)(C). Section 9-26-4(11) refers to § 408 for the *sole purpose of defining* the terms "individual retirement account" and "individual retirement annuity[.]" The Internal Revenue Code's treatment of tax distributions is not referenced in § 9-26-4(11) and has no bearing on the issue at hand. In order to draw the conclusion that inherited IRAs are exempt under § 9-26-4(11), a reader would have to first add a term into the statute that is not presently there, and second consult § 408 and read into its depths before finding a reference to the term. As such, I would conclude that § 9-26-4(11) is unambiguous and does not include inherited IRAs.

**2**

Second, an inherited IRA is clearly distinct from a noninherited IRA, such that it should not be included under the umbrella of the term "IRA." An IRA is meant to be saved for retirement; accordingly, "Congress made certain withdrawals from both types of accounts subject to a 10 percent penalty if taken before an accountholder reaches the age of 59½."[12] *Clark v. Rameker*, 573 U.S. 122, 125 (2014) (citing §§ 72(t)(1)–(2) of the Internal Revenue Code). Funds in an inherited IRA, in contrast, are available to an individual, without qualification, at any time. *See id.* An owner of an inherited IRA actually "*must* either withdraw the entire

---

[12] Here, "both" refers to an IRA and a Roth IRA, which I addressed *supra*.

balance in the account within five years of the original owner's death or take minimum distributions on an annual basis." *Id.* (emphasis added) (citing §§ 408(a)(6), 401(a)(9)(B); 26 CFR § 1.408–8 (2013)). In this way, an inherited IRA is income, not a retirement account, as the traditional IRA is designed to be. *See Commissioner of Internal Revenue v. Glenshaw Glass Company*, 348 U.S. 426, 431 (1955) (defining taxable income as "instances of undeniable accessions to wealth, clearly realized, and over which the taxpayers have complete dominion"). Furthermore, "the owner of an inherited IRA may never make contributions to the account." *Clark*, 573 U.S. at 125. Therefore, I would conclude that traditional IRAs are clearly distinct from those that are inherited.

Additionally, unlike the exemption of traditional IRAs in the Bankruptcy Code, which supports the policy considerations by helping to prevent debtors from becoming "destitute and a public charge[,]" the exemption of inherited IRAs would give debtors a "cash windfall[,]" because funds in this account are not set aside for the day when one can no longer work. *See Clark*, 573 U.S. at 129, 129 n.3. Rather, as set out *supra*, funds in an inherited IRA are available to debtors with certain minimums, but nothing prevents a debtor from withdrawing the money all at once. *See id.* at 125. Functionally, there is hardly a distinction between an inherited IRA and any ordinary bank account—and by my count, no jurisdiction in this country exempts ordinary bank accounts to this extent. Thus, a construction that treats an IRA and an inherited IRA as equal is incompatible with the policy considerations supporting the bankruptcy exemptions. Inherited IRAs should, therefore, not be read into § 9-26-4(11) as just another type of IRA.

Third, the policy underlying bankruptcy exemptions supports limiting § 9-26-4(11) to only include "an individual retirement account or individual retirement annuity." While I do not disagree with the majority's observation that this Court construes remedial statutes liberally, we have said that this Court "will not construe a remedial statute in a manner that would 'defeat its evident purpose.'" *Prew v. Employee Retirement System of City of Providence*, 139 A.3d 556, 563 (R.I. 2016) (quoting *McCarthy v. Environmental Transportation Services, Inc.*, 865 A.2d 1056, 1062 (R.I. 2005)). It helps to remember that § 9-26-4 is an exemption statute. As such, it is reasonable to assume that the General Assembly's purpose in providing for it is akin to Congress's purpose in enacting the exemptions, set out in the United States Bankruptcy Code: "to provide a debtor 'with the basic necessities of life' so that she 'will not be left destitute and a public charge.'" *Clark*, 573 U.S. at 129 n.3 (quoting H.R. Rep. No. 95-595, p. 126 (1977)). The exemptions are meant to "effectuate a careful balance between the interests of creditors and debtors." *Id.* at 129.

I find support for my view from the United States Supreme Court's unanimous holding in *Clark*. While the federal statute regarding exemptions is not identical to our own, it too refers to § 408 and, under *Clark*, the Supreme Court decided that, in spite of the reference to § 408, inherited IRAs are not exempt. Although not binding on this Court, as the majority points out, *Clark* does speak to the underlying policy of excluding inherited IRAs from exemption in bankruptcy proceedings. *See Clark*, 573 U.S. at 129-30.

In *Clark*, the Supreme Court concluded that a federal exemption allowing "debtors to protect 'retirement funds to the extent those funds are in a fund or account that is exempt from taxation under section 401, 403, *408*, *408A*, 414, 457, or 501(a) of the Internal Revenue

Code[,]'" did not exempt inherited IRAs because funds in such accounts do not constitute a debtor's "retirement." *Clark*, 573 U.S. at 124 (emphasis added) (quoting § 522(b)(3)(C), (d)(12)). The Supreme Court's opinion did not consider the issue of whether inherited IRAs were "exempt from taxation under any of the Internal Revenue Code sections listed[,]" including § 408, because the Court was satisfied that the federal exemption's reference to "retirement funds" foreclosed the exemption of any nonretirement account. *Id.* at 126 n.2. The Court supported its opinion by considering the historic purpose for bankruptcy exemptions: Ensuring that a debtor is not left without the basic necessities of life or left to be destitute and a public charge. *Id.* at 129 n.3 (quoting H.R. Rep. No. 95-595).

In my view, the purpose of the exemption statute is to provide debtors with a "fresh start" after bankruptcy by allowing them to still have a retirement fund to fall back on and to ensure that creditors cannot take everything. *See Clark*, 573 U.S. at 130. It is plain to me that § 9-26-4(11) delineates that only IRAs, and not inherited IRAs, are exempt, because such a result is consistent with this intent. A reading to the contrary gives debtors a windfall and, thus, the policy of ensuring that debtors have a "fresh start" is perverted into granting debtors a "free pass[.]" *Id*. Thus, in my view, inherited Individual Retirement Annuities are clearly outside the ambit of § 9-26-4(11).

For these reasons, I must respectfully dissent. Accordingly, I would answer the certified question in the negative.

STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS

## SUPREME COURT – CLERK'S OFFICE

## ORDER COVER SHEET

| | | |
|---|---|---|
| **Title of Case** | In re: Lynette Kapsinow | |
| **Case Number** | No. 2018-94-M.P.<br>(BK 16-11859) | |
| **Date Order Filed** | December 11, 2019 | |
| **Justices** | Suttell, C.J., Goldberg, Flaherty, Robinson, and Indeglia, JJ. | |
| **Source of Appeal** | N/A<br>Certified Question by the United States Bankruptcy Court for the District of Rhode Island | |
| **Judicial Officer From Lower Court** | This case came before the Supreme Court pursuant to a question certified by the United States Bankruptcy Court for the District of Rhode Island in accordance with Article 1, Rule 6 of the Supreme Court Rules of Appellate Procedure. | |
| **Attorney(s) on Appeal** | For Debtor:<br><br>Christopher M. Lefebvre, Esq. | |
| | For Trustee:<br><br>Stacy B. Ferrara, Esq. | |